## Golden v. Hill, Appellant.

*Negligence—Contributory negligence — Automobiles — Worker upon the street—Question for jury.*

In an action of trespass to recover damages for personal injuries, the question of negligence and contributory negligence were properly for determination of the jury upon the following state of facts: The plaintiff was employed in repairing the pavement of a street between tracks of a traction company therein.   He stepped to one side to allow a street car to pass, and, as he was returning

to his place of duty, after having looked to see if the way was clear, he was struck by the defendant's truck. There was evidence that the truck was going 25 or 30 miles an hour, which was contradicted by the driver of the machine. The front wheels of the truck turned out of plaintiff's way, but the rear wheels stuck in the street car track and threw the end of the truck around so that it hit the plaintiff. The driver admitted he was not watching the street and did not see the plaintiff until within about 30 feet of him. The plaintiff was in plain view of the truck driver if he had been looking.

Argued October 16, 1922. Appeal, No. 149, Oct. T., 1922, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1919, No. 5506, on verdict for plaintiff in the case of Felix Golden v. Richard J. Hill. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,250, upon which judgment was entered. Defendant appealed.

*Errors assigned* were refusal of binding instructions and refusal to enter judgment non obstante veredicto upon the whole record.

*Ward C. Henry,* and with him *C. William Freed,* for appellant.—Negligence cannot be presumed from the mere facts of a collision: King v. Brillhart, 271 Pa. 301.

It was plaintiff's duty to look and if he had looked he must have seen and avoided the danger and since he failed so to do he cannot recover: Smith v. Buffalo & L. E. Traction Co., 74 Pa. Superior Ct. 460.

*Albert S. Longbottom,* and with him *Robert J. Byron* and *G. Lawrence Pape,* for appellee.—Where a person lawfully in the street is knocked down and injured by the

reckless and negligent driving of a wagon it makes no difference whether the wagon was literally driven over him or whether it skidded or slewed and its rear end struck him : DeKyne v. Smith, 42 Pa. Superior Ct. 11.

Skidding is of itself evidence of negligence. Ellison v. Atlantic Refining Co., 62 Pa. Superior Ct. 370.

OPINION BY HENDERSON, J., March 2, 1923 :

The plaintiff was engaged with other men in repairing the pavement on Kensington Avenue, for the City of Philadelphia. His particular task was prying out paving stones between the north- and southbound tracks of the traction company where a depression in the street made necessary the elevation of the surface. The space between the tracks was four feet. A street car was passing northward, and at a signal from the car, the men at work on the track stepped to the east side of the northbound track. The plaintiff, being in what the witnesses described as the dummy, stepped toward the southbound track. After the street car passed, the plaintiff looked over his left shoulder to see whether a car or vehicle was coming southward, and not observing anything was about to proceed to work when he was struck by the rear end of a truck driven by the defendant's employee, and was severely injured. There was evidence that the truck was moving at a speed of 25 or 30 miles an hour; that the front wheels were on the pavement and the rear wheels on the trolley rails; that the street was level and that the driver of the truck could have seen the plaintiff and his fellow workmen for a distance of about 300 feet as he approached the place of the accident. The driver of the truck testified that he did not see the plaintiff until he was within about 30 feet of him and that at that point he endeavored to turn the car into the street, but the rear wheels skidded and the plaintiff was struck by the rear overhang of the truck platform. There is little contradiction in the evidence except as to the speed of the car—the driver alleging that he was

going about 10 miles an hour. He also stated that the plaintiff had one foot on the southbound track. He admitted that he was not paying attention to the street, that he was watching the crossing. He saw the men at work on the street when he was more than 30 feet away, but did not observe the plaintiff until he stepped to the side of the dummy. His explanation of the occurrence was: "I went to turn and the back skidded and knocked him (plaintiff) down." With the facts shown by the evidence as above recited, the appellant requested binding instructions in favor of the defendant which the court refused, and the question for our consideration is whether there was such evidence of contributory negligence as relieves the defendant from liability. There can be no doubt of the propriety of a finding by the jury that the defendant's driver was not giving attention to the control of the truck with reference to the safety of the men at work on the street. They were not there as idle bystanders; their employment made it necessary that they occupy a portion of the street in the performance of the work assigned to them. In considering the question of the defendant's negligence this fact could be taken into consideration by the jury. The plaintiff was required to avoid the oncoming street car; the defendant's truck was approaching in the opposite direction with the plaintiff in plain view, if the driver had given attention to what was transpiring before him. What position the plaintiff should have taken in view of the approach of vehicles from opposite directions is not a question of law, but one of fact to be answered by the jury under all of the evidence relating to the circumstances in which the plaintiff was placed. There was evidence from which it might be found that the plaintiff was in a safe position in the dummy, and that his hurt was caused by the sweep of the rear end of the truck resulting from the effort of the driver to turn it from the trolley track. If the driver had been properly alert the car might have been stopped or driven to the right

side of the street before the plaintiff was put in peril. It is not contended that the plaintiff was not in clear view for 300 feet as the truck approached him and a jury on the evidence might well conclude that the accident was the result of the failure of the driver to properly control his car under the circumstances.

The evidence supports the action of the court below, and the judgment is therefore affirmed.